UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANDREW KENNEDY, | : | CIVIL NO. **3:06-CV-00314** |
| Petitioner | : | (Judge Caputo) |
| v. | : | |
| | : | (Magistrate Judge Smyser) |
| JOHNATHAN MINER, | : | |
| Respondent | : | |

**REPORT AND RECOMMENDATION**

On February 13, 2006, the petitioner, a federal prisoner proceeding *pro se,* filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  The petitioner is challenging a sentence he received from the United States District Court for the District of Columbia in 1990.

By an Order dated March 6, 2006, the respondent was ordered to show cause on or before March 27, 2006, why the petitioner should not be granted habeas corpus relief.  The Order of March 6, 2006 also provided that the petitioner may file a reply to the response within ten days of the filing of the response.

On March 27, 2006, the respondent filed a response to the petition.  The petitioner filed a reply on April 10, 2006.

The respondent contends that the petition should be dismissed because the petitioner can not challenge his federal sentence by way of a 28 U.S.C. § 2241 habeas petition.

28 U.S.C. § 2255 provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.
>
> . . . .
>
> An application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

The petitioner was convicted of one count of conspiracy to distribute and to possess with intent to distribute cocaine base and two counts of possession with intent to distribute. *United States v. Kennedy,* No. 90-3037, 1991 WL 183716 at *1 (D.C.Cir. Sept. 16, 1991). He was sentenced to 240 months imprisonment on the conspiracy conviction and a concurrent

2

sentence of 328 months imprisonment for the substantive convictions. *Id.* The petitioner contends that the appropriate sentencing range under the Federal Sentencing Guidelines given the amount of cocaine base set forth in the indictment and found by the jury was 151-188 months imprisonment. The petitioner claims that he is "actually innocent" of the judicial fact finding that enhanced his sentence beyond 188 months.

    The claim raised by the petitioner in this case is the type of claim that should be brought by way of a § 2255 motion in the district court of conviction.

    To be able to bring a petition for a writ of habeas corpus, the petitioner must establish that he satisfies the safety-valve language of § 2255, i.e. that the remedy by a § 2255 motion is inadequate or ineffective to test the legality of his detention. The safety-valve language in § 2255 has been strictly construed. *See Application of Galante*, 437 F.2d 1164, 1165-66 (3d Cir. 1971)(unfavorable legal standards prevailing in circuit where sentencing court located does not render § 2255 remedy inadequate or ineffective); *Millan-Diaz v. Parker*, 444 F.2d 95, 97 (3d Cir. 1971)(doubts about the administration of a § 2255 motion in a particular case do not make the remedy inadequate or ineffective); *United States ex rel. Leguillou v. Davis*, 212 F.2d 681, 684 (3d Cir. 1954)(even

if the sentencing court incorrectly disposes of a proper motion under § 2255 the proper remedy would be by appeal of that decision and not a habeas corpus petition).  A motion under § 2255 is inadequate or ineffective only where it is established "'that some limitation of scope or procedure would prevent a Section 2255 proceeding from affording the prisoner a full hearing and adjudication of his claim of wrongful detention.'" *Galante, supra*, 437 F.2d at 1165 (quoting *Leguillou, supra*, 212 F.2d at 684).

28 U.S.C. § 2255 establishes a one-year statute of limitations applicable to § 2255 motions.  Also, before a second or successive § 2255 motion may be considered by the district court, it must be certified by a three judge panel of the court of appeals to contain:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255.

"Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the

4

amended § 2255." *Cradle v. United States*, 290 F.3d 536, 539 (3d Cir. 2002). "It is the inefficacy of the remedy, not the personal inability to utilize it, that is determinative" *Id.* at 538.

In *In re Dorsainvil*, 119 F.3d 245 (3d Cir. 1997), the Third Circuit addressed the issue of when a prisoner may bring a § 2241 habeas petition after being denied leave to file a successive § 2255 motion. *Dorsainvil* involved a prisoner who sought to bring a successive § 2255 motion on the basis of the United States Supreme Court's decision in *Bailey v. United States*, 516 U.S. 137 (1995). In *Bailey* the Court held that a defendant may not be convicted of using a firearm under 18 U.S.C. § 924(c) unless the government proves that the defendant "actively employed the firearm during and in relation to the predicate crime." 516 U.S. at 150. After the *Bailey* decision the petitioner in *Dorsainvil* filed an application to file a successive § 2255 motion claiming that on the basis of *Bailey* he was imprisoned for conduct that the Supreme Court had determined is not illegal. The Third Circuit held that a prisoner who was convicted and filed his first § 2255 motion before the *Bailey* decision may not file a second § 2255 motion based on *Bailey* because the second motion does not meet the stringent requirements created by the Antiterrorism and Effective Death Penalty Act for filing a second § 2255 motion. 119 F.3d at 248. The Third Circuit went on to indicate that

although a prisoner may not file a second § 2255 motion based on *Bailey* he may file a 28 U.S.C. § 2241 habeas corpus petition. *Id.* at 251.  However, the Third Circuit cautioned that:

> We do not suggest that § 2255 would be "inadequate or ineffective" so as to enable a second petitioner to invoke § 2241 merely because that petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255.  Such a holding would effectively eviscerate Congress's intent in amending § 2255.  However, allowing someone in Dorsainvil's unusual position - that of a prisoner who had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate, even when the government concedes that such a change should be applied retroactively - is hardly likely to undermine the gatekeeping provisions of § 2255.

119 F.3d at 251.

The Third Circuit held that the petitioner in *Dorsainvil* may bring a § 2241 petition because to hold otherwise might result in the imprisonment of a person who had not committed a crime. *Id.*

The petitioner is not in a position similar to the petitioner in *Dorsainvil*.  The claim raised by the petitioner is not a claim that he was convicted of a crime that an intervening change in substantive law has negated.  Moreover, the petitioner could have brought his claim in connection with his direct appeal of his conviction and sentence or in connection with his first 28 U.S.C. § 2255 motion.  The fact that the petitioner's first § 2255 motion was

6

denied as untimely and the petitioner may now be barred from filing a successive § 2255 motion either based on the statute of limitations or based on the restrictions on filing second or successive § 2255 motions does not indicate that his remedy by way of a § 2255 motion was inadequate or ineffective to test the legality of his detention.

The petitioner claims that the trial court improperly dismissed his first § 2255 motion as untimely.  However, the fact that the trial court dismissed the petitioner's first § 2255 motion, even if incorrectly, does not establish that the remedy by way of § 2255 was inadequate or ineffective to test the legality of his detention.  *See Leguillou, supra,* 212 F.2d at 684 (even if the sentencing court incorrectly disposes of a proper motion under § 2255 the proper remedy would be by appeal of that decision and not a habeas corpus petition).

The petitioner has not established that his remedy by way of a 28 U.S.C. § 2255 motion is inadequate or ineffective to test the legality of his detention.  Accordingly, the petitioner may not bring his claim challenging his sentence as a § 2241 habeas corpus petition.

Based on the foregoing, it is recommended that the petition for a writ of habeas corpus be dismissed and that the case file be closed.

*/s/ J. Andrew Smyser*
J. Andrew Smyser
Magistrate Judge

Dated: May 17, 2006.