# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ANDREW KENNEDY,

    Petitioner,

    v.

JOHNATHAN MINER, Warden,

    Respondent.

CIVIL ACTION NO. 3:06-CV-00314

(JUDGE CAPUTO)

## MEMORANDUM

Presently before the Court are Magistrate Judge J. Andrew Smyser's Report and Recommendation (Doc. 11-1) and Petitioner's Objections to the Magistrate Judge's Report and Recommendation (Doc. 12 and Doc. 13).  For the reasons set forth below, Petitioner's Objections will be overruled, and the Court will adopt the Report and Recommendation.

## BACKGROUND

On February 13, 2006, Petitioner, a federal prisoner proceeding *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Petitioner is challenging a sentence he received from the United States District Court for the District of Columbia in 1990.

On February 21, 1990, Petitioner was sentenced to a term of 328 months.  On October 15, 1990, he was inadvertently released from federal custody prior to commitment to the Bureau of Prisons for service of sentence.  He remained free from October 15, 1990 until November 8, 1996.

On November 8, 1996, Petitioner was sentenced in the United States District Court for the District of Maryland to a term of 108 months on charges unrelated to the offense for

which he was sentenced on February 21, 1990.  In February of 1998, the mistaken release of Petitioner in October of 1990 was discovered.  He was informed that he would have to complete the sentence imposed on him in 1990 before commencing the sentence imposed on him by the United States District Court for the District of Maryland in 1996.

In December of 1998, Petitioner filed a § 2255 petition.  On June 4, 2001, the United States District Court for the District of Columbia denied this petition as untimely.

On February 13, 2006, Petitioner filed this motion under § 2241.  (Doc. 1).  On March 27, 2006, the government filed its response.  (Doc. 8).  On May 17, 2006, Magistrate Judge J. Andrew Smyser filed his Report and Recommendation (Doc. 11-1) recommending that the petition for a writ of habeas corpus be dismissed.  Petitioner filed his objections on June 2, 2006, (Doc. 12) and on June 5, 2006.  (Doc. 13).  The government then filed a Memorandum of Law on June 16, 2006.  (Doc. 14).

## LEGAL STANDARD

Where objections to a magistrate judge's report are filed, the Court must conduct a *de novo* review of the contested portions of the report, *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989) (citing 28 U.S.C. §636(b)(1)(C)), provided the objections are both timely and specific.  *Goney v. Clark*, 749 F.2d 5, 6-7 (3d Cir. 1984).  In making its *de novo* review, the Court may accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge.  *See* 28 U.S.C. § 636(b)(1); *Owens v. Beard*, 829 F. Supp. 736, 738 (M.D. Pa. 1993).  Although the review is *de novo*, the statute permits the Court to rely on the recommendations of the magistrate judge to the extent it deems proper. *See United States v. Raddatz*, 447 U.S. 667, 675-76 (1980); *Goney*, 749 F.2d at 7; *Ball v.*

*United States Parole Comm'n*, 849 F. Supp. 328, 330 (M.D. Pa. 1994).  Uncontested portions of the report may be reviewed at a standard determined by the court.  *See Thomas v. Arn*, 474 U.S. 140, 154 (1985); *Goney*, 749 F.2d at 7.  At the very least, the Court should review uncontested portions of the report for clear error or manifest injustice.  *See, e.g., Cruz v. Chater*, 990 F. Supp. 375, 376-77 (M.D. Pa. 1998).

## DISCUSSION

Petitioner argues that the appropriate sentencing guidelines were not imposed with respect to his February 21, 1990 sentencing.  He claims that he is "factually innocent" of the judicial fact finding that enhanced his sentence and that his situation satisfies the safety-valve language of § 2255, i.e. that the remedy by a § 2255 motion is inadequate or ineffective to test the legality of his detention.  In his Objections to the Magistrate Judge's Report and Recommendation (Doc. 13), Petitioner takes issue with the Magistrate Judge's interpretation of *In re Dorsainvil*, 119 F.3d 245 (3d Cir. 1997).

In *In re Dorsainvil*, the United States Court of Appeals for the Third Circuit did not allow the Petitioner to go forward under § 2241 on the grounds that the statute of limitations barred his *Bailey* claim.  Instead, the § 2241 claim was allowed because § 2255's stringent requirements for filing a second § 2255 could not be met despite the retroactive change in the law announced in *Bailey*.  § 2255 permits a second § 2255 motion in cases in which:

> **(1)** newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

> **(2)** a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2255.

Because Petitioner did not meet either of these exceptions in *Dorsainvil*, and because to do otherwise might result in the imprisonment of a person who had not committed a crime, the United States Court of Appeals for the Third Circuit permitted Petitioner to bring a § 2241 petition. However, the court stated "[w]e do not suggest that § 2255 would be 'inadequate or ineffective' so as to enable a second petitioner to invoke § 2241 merely because that petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." *Dorsainvil*, 119 F.3d at 251.

The Magistrate Judge found that *Dorsainvil* is not on point in Petitioner's case. He stated that the claim raised by Petitioner is not a claim that he was convicted of a crime that an intervening change in substantive law has negated. Moreover, Petitioner could have brought his claim in connection with his direct appeal or in connection with his first § 2255 motion. *See* Report and Recommendation p. 6, ¶ 4. Furthermore, Petitioner has failed to indicate that his remedy by way of a § 2255 motion was "inadequate or ineffective." *Id.* at p. 7, ¶ 1.

I agree with the reasoning of the Magistrate Judge. The proper action for Petitioner to take here was not to file a motion under § 2241, but to file an appeal to his § 2255 motion if he believed the trial court improperly dismissed his first § 2255 motion as untimely. While Petitioner has stated that he may not have been properly informed of the United States District Court for the District of Columbia's ruling or the time in which to file a Certificate of Appealability, *see* Doc 1., p. 3, ¶ 2, such a failure is something that would properly be

4

factored when determining the timeliness of the filing of a Certificate of Appealability. Petitioner has not established that his remedy by way of 28 U.S.C. § 2255 motion is inadequate or ineffective, and thus Petitioner may not bring his claim challenging his sentence as a § 2241 habeas corpus petition.

## CONCLUSION

For the reasons set forth above, the Court will adopt Magistrate Judge J. Andrew Smyser's Report and Recommendation.

An appropriate Order follows.

Date: <u>September 14, 2006</u>              <u>/s/ A. Richard Caputo            </u>
                                              A. Richard Caputo
                                              United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDREW KENNEDY,<br><br>    Petitioner,<br><br>        v.<br><br>JOHNATHAN MINER, Warden,<br><br>    Respondent. | CIVIL ACTION NO. 3:06-CV-00314<br><br>(JUDGE CAPUTO) |

## ORDER

**NOW,** this 14th day of September, 2006, upon review of Magistrate Judge J. Andrew Smyser's Report and Recommendation (Doc. 11-1) for plain error of manifest injustice, **IT IS HEREBY ORDERED THAT**:

(1)    The Report and Recommendation is hereby **ADOPTED**.

(2)    The Petitioner's case is **DISMISSED**.

(3)    The Clerk of the Court shall mark this case **CLOSED**.

                                                          /s/ A. Richard Caputo
                                                          A. Richard Caputo
                                                          United States District Judge